

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00207-CV

———————————————

NATALIE ANN STROIK, Appellant

V.

DAVID LEE STROIK, Appellee

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 20-1192-431

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

On the court's own motion, during our plenary power, we withdraw our prior memorandum opinion and judgment of August 11, 2022, and we substitute the following memorandum opinion (and the contemporaneously issued judgment) in their places.

The parties entered into an agreed divorce decree, and Appellee David Lee Stroik later petitioned to enforce certain provisions of the decree by contempt; he also sought, as alternative relief, clarification of any decree provision that the trial court found to be too ambiguous to be enforced by contempt. *See* Tex. Fam. Code Ann. §§ 9.001(a), 9.008(b). In June 2021, the trial court rendered an interlocutory order that granted a temporary injunction and clarified certain terms of the parties' divorce decree. The temporary injunction prohibited the parties from selling the marital residence unless they mutually agreed in writing to do so or until further order of the trial court. Appellant Natalie Ann Stroik then filed this interlocutory appeal to challenge the granting of the temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (allowing appeal from interlocutory order granting temporary injunction).[1]

---

[1]In August 2021, Appellee questioned our jurisdiction over this appeal, contending that the appeal was barred by Family Code Section 6.507. Tex. Fam. Code Ann. § 6.507 (providing that no temporary order issued pursuant to Subchapter F of the Family Code—which applies to *pending* suits for dissolution of a marriage, *see id.* §§ 6.501–.502—is subject to interlocutory appeal "except an order appointing a receiver"); *see Hendren v. Lazar*, 641 S.W.3d 814, 819 (Tex. App.—El Paso 2022, no

While this appeal was pending, the trial court entered an order appointing a receiver to take charge and possession of the marital residence, which Appellant appealed separately.[2] In December 2021, the trial court rendered a final judgment, from which Appellant also appealed.[3] The receiver subsequently contracted to sell the marital residence, and the trial court entered an agreed Order Approving Sale by Receiver on April 5, 2022. After the sale, on June 21, 2022, the trial court entered an

pet.) ("Courts have held that the [Section 6.507] prohibition against interlocutory appeal under the Family Code takes precedence over section 51.014(a)(4) of the Civil Practice and Remedies Code."). We requested a response from Appellant, who clarified that "[t]his is an appeal from an order granting a temporary injunction." She also contended that the otherwise-permissible interlocutory appeal of the temporary-injunction order was not prohibited by Section 6.507 because the underlying suit is a post-divorce enforcement suit to which that section does not apply, i.e., the trial court's temporary-injunction order was not issued in a *pending* divorce under Subchapter F. *See* Tex. Fam. Code Ann. § 9.001(b) ("Except as otherwise provided in this chapter, a suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit."). After reviewing Appellant's response, we continued this interlocutory appeal. Because no statute authorizes interlocutory appeal of the decree clarifications, this court did not have jurisdiction to address them via interlocutory appeal when this appeal was filed.

[2]We assigned cause number 02-22-00060-CV to that appeal.

[3]That appeal is pending in cause number 02-22-00092-CV; this court may review the propriety of any non-mooted interlocutory rulings in that cause number. *See MacDonald v. Harris Methodist HEB Hosp.*, No. 02-10-00267-CV, 2011 WL 2651991, at *2 (Tex. App.—Fort Worth July 7, 2011, no pet.) (mem. op.) (explaining that notice of appeal from final judgment need not identify every adverse interlocutory ruling merged into the final judgment that an appellant intends to challenge); *see also Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

agreed Order Confirming Sale of Real Property, Approving Final Account, Reimbursement of Bond to Receiver, and Discharging Receiver.[4]

A controversy must exist between the parties at every stage of the legal proceeding, including the appeal; if a controversy ceases to exist, the case becomes moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *see also Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (holding that a case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion). Courts must dismiss moot cases for want of jurisdiction. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

---

[4]After the sale, we dismissed the appeal from the receivership-appointment order as moot on Appellant's unopposed motion. *See Stroik v. Stroik*, No. 02-22-00060-CV, 2022 WL 2979172, at *1 (Tex. App.—Fort Worth July 28, 2022, no pet.) (mem. op.).

This interlocutory appeal of the temporary injunction prohibiting the sale of the marital residence is moot. Accordingly, we dismiss the appeal.[5]

Per Curiam

Delivered: October 6, 2022

---

[5]With the issuance of this substituted memorandum opinion, Appellant's Motion to Reconsider and Motion to Consolidate filed in this appeal is now moot.